# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:19-cr-00138 JLT SKO |
| Plaintiff, | ORDER DENYING THIRD PARTY REQUEST TO STAY |
| v. | |
| ARA GARABED DOLARIAN | (Doc. 133) |
| Defendant. | |

On January 29, 2020, the Court entered an Amended Preliminary Order of Forfeiture based upon the plea agreement between the United States and defendant Dolarian forfeiting to the United States more than $6 Million. (Doc. 48.) Pursuant to 21 U.S.C. § 853(n), third parties asserting a legal interest in the forfeited property are entitled to a judicial determination of the validity of the legal claims or interests they assert. Beginning on September 28, 2019, for at least 30 consecutive days, the United States published notice of the Court's original Order of Forfeiture (Doc. 41) on the official government forfeiture website (www.forfeiture.gov). (*See* Doc. 42.) The published notice advised all third parties of their right to petition the Court within sixty days from the first day of publication of the notices for a hearing to adjudicate the validity of their alleged legal interest in the forfeited funds. (*Id.*) The United States also sent direct written notice to several allegedly interested parties, including Societe D'Equipment International Nigeria Ltd. (SEI) via email and U.S. Mail to Attorney George Arslanian. (*See* Doc. 136.) That notice

explained the nature of the proceeding and the options any interested party may pursue as follows:

> The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition within 60 days of the first date of publication (September 28, 2019) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1). The ancillary petition must be filed with the Clerk of the Court, 2500 Tulare Street, First Floor, Fresno, CA 93721, and a copy served upon Assistant United States Attorney Jeffrey A. Spivak, 2500 Tulare Street, 4401 Federal Building, Fresno, CA 93721. The ancillary petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).
>
> Following the Court's disposition of all ancillary petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such ancillary petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.
>
> The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture. A petition must include a description of your interest in the property supported by documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. Section 1746. For the regulations pertaining to remission or mitigation of the forfeiture, *see* 28 C.F.R. Sections 9.1 - 9.9. The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a). The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b). The petition for remission need not be made in any particular form and may be filed online or in writing. You should file a petition for remission not later than 11:59 PM EST 30 days after the date of final publication of this notice. *See* 28 C.F.R. Section 9.3(a). The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition for remission form that may be mailed and the link to file a petition for remission online. If you cannot find the desired assets online, you must file your petition for remission in writing by sending it to Assistant United States Attorney Jeffrey A. Spivak, 2500 Tulare Street, 4401 Federal Building, Fresno, CA 93721. This website provides answers to frequently asked questions (FAQs) about filing a petition for remission. ***You may file both an ancillary petition with the court and a petition for remission or mitigation.***

(Doc. 42 at 3–4 (emphasis added).) As the notice indicates, any interested party may choose to file a Petition for an ancillary proceeding with the Court, a Petition for mitigation with the Government, or **both**. (*See id.*)

On June 2, 2023, the Federal Republic of Nigeria (FRN) filed a Petition for an ancillary proceeding, asserting it has superior interest in the forfeited funds because the funds are traceable to their purchase of military equipment from Dolarian that they never received. (*See* Doc. 99.) No other party filed a petition with this Court asserting any interest in the forfeited funds. (*See* Docket.)

On April 2, 2024, Attorney George Arslanian filed a document with the Court on behalf of SEI that: (1) conceded it was a non-party to this action because it had filed a Petition for Remission instead of a Petition for Mitigation before this Court; but (2) took issue with certain representations made by FRN in its filings on this docket. (Doc. 114.)[1]

On September 30, 2024, the Government and FRN filed a joint notice, indicating that they were in the process of finalizing a settlement regarding the forfeited funds. (Doc. 124.) On December 19, 2024, the Government and FRN filed a stipulation for a final order of forfeiture based on that settlement agreement. The Government agreed therein that FRN had a legal right, title, or interest to the forfeited property and that this interest required the Court to enter a Final Order of Forfeiture to account for FRN's superior interest. (Doc. 128.) On December 23, 2024, the Court approved the stipulation and entered a Final Order of Forfeiture directing the United States to return the funds to FRN within sixty days. (Doc. 129.)

Shortly thereafter, Attorney Arslanian submitted information to the Court via email concerning California Bar disciplinary proceedings SEI initiated against counsel for FRN regarding those same representations. (*See* Doc. 131.) On January 8, 2025, the Court issued a

---

[1] The representation of concern was included by FRN's counsel in an attachment to a status report filed in this Court on January 24, 2024, which stated that "Air Vic Marshall Alkali Mamu was found guilty of receiving a bribe from [SEI] [and was] jailed for 2 years." (*See* Docs. 110–111.) SEI objected that neither it nor Mr. Mamu were ever charged with bribery. (Doc. 114.) SEI further objected that Mr. Mamu "never spent a day in jail having paid a fie under US$500 [and] 'Bribery' cannot be found once in the [Nigerian] Court's 52-page decision." (*Id.*) SEI cited 28 C.F.R. § 9.5(5), which permits a petition for remission to be denied if the petitioner makes "willful, materially false statements" in support of the petition. Even assuming the representation in question was false and that FRN knew as much, it remains unclear how the representation would have been material to the then-pending Petition filed by FRN.

3

1  minute order indicating it would not consider materials or substantive inquiries submitted via
2  email and directed SEI to "file an appropriate motion in accordance with the relevant Rules of
3  Procedure," if SEI believed the materials are relevant to the proceedings on this docket. (*Id*.)

4      On January 14, 2025, the Court received a document entitled "Motion to Stay Final
5  Judgment of Forfeiture" from SEI via U.S. Mail. (*See* Doc. 133.)[2] FRN and the United States
6  filed oppositions on January 21 and 28, 2025, respectively. (*See* Docs. 134–36.)[3]

7      Invoking Federal Rule of Civil Procedure 59(e), the motion indicated that SEI had filed a
8  Petition for Mitigation with the Money Laundering and Asset Section (MLARS) of the
9  Department of Justice and that it "believed that it and FRN were similarly situated claimants
10 whose competing claim to the forfeited property would both be considered on the merits." (Doc.
11 133.) Relying on *United States v. Wilson*, 2019 WL 5799705, *23 (W.D. Pa. Nov. 7, 2019), SEI
12 argues that its failure to timely file a claim in this ancillary proceeding constituted excusable
13 neglect considering that it timely filed a Petition for Mitigation with MLARS. (Doc. 133 at 2.)
14 But SEI is putting the cart before the horse. Assuming *arguendo* that *Wilson* would support a
15 finding of excusable neglect under these circumstances, SEI has yet to advance any claim to the
16 property in this forum nor has SEI properly formulated a Rule 59(e) motion.

17     Pursuant to Rule 59(e), a party may move to alter or amend a judgment within 28 days
18 after entry of the challenged judgment. "Since specific grounds for a motion to amend or alter are
19 not listed in the rule, the district court enjoys considerable discretion in granting or denying the
20 motion." *Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *see also*
21 *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc*., 282 F.R.D. 216, 220 (D.
22 Ariz. 2012) (citation omitted) ("Teamsters"). Nonetheless, relief pursuant to Rule 59(e) is granted
23 only in "highly unusual circumstances," such as (1) a court's clear error of law or fact; (2) "newly
24 discovered or previously unavailable evidence"; (3) a "manifestly unjust" decision; or (4) "an
25 intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.

---

[2] Even though this is not a proper method of filing for an attorney, the Court permitted the filing to be docketed as a courtesy. (*See* Doc. 132.)

[3] According to E.D. Cal. Local Rule 230(d), any reply was due ten days after the opposition was filed, so no later than February 7, 2025. As of the date of this order, no reply has been filed.

2003) (citation and quotation marks omitted). Here, apart from suggesting that SEI may have a competing claim to the funds and stating its intent to file a motion to reopen the ancillary proceeding in this case pursuant to Rule 60(b), SEI offers no argument that satisfies the merits requirements of Rule 59(e).

To the extent that the filing is meant as a request for an extension of time to file a Rule 59(e) motion, the Court is not empowered to grant one. Pursuant to Federal Rule of Civil Procedure 6(b)(2), the Court may not extend a party's time to act under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 6(b)(2); *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993) (affirming the district court denial extension to file a Rule 59(e) motion because the court "had no power to extend the time for filing a Rule 59(e) motion"); *see also Lak v. California*, No. SACV 18-160-PSG (KK), 2018 WL 6822645, at *1–2 (C.D. Cal. Nov. 2, 2018).

For all these reasons, the motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 11, 2025**

UNITED STATES DISTRICT JUDGE

5